UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

```
IN RE:                              )
                                    )
ERIC B. STAMPS,                     )    Chapter 7
                                    )
     Debtor.                        )    Bankruptcy No. 05-03724
_____         )
                                    )
ERIC B. STAMPS,                     )
                                    )    Adversary No. 06-9100
     Plaintiff,                     )
                                    )
vs.                                 )
                                    )
GUARANTY BANK AND TRUST             )
COMPANY, et al,                     )
                                    )
     Defendant.                     )
```

**ORDER RE: MOTION TO SET ASIDE DEFAULT**

This matter came before the undersigned on August 22, 2006 on Motion to Set Aside Default. Plaintiff appeared pro se. Joseph E. Schmall appeared for Farmers State Bank and Guaranty Bank & Trust. Todd C. Pearson appeared on behalf of U.S. Bank, National Association. After hearing the arguments of the parties, the Court took the matter under advisement. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(O).

**STATEMENT OF FACTS**

Plaintiff filed his Complaint on May 18, 2006, alleging that Defendants violated the debt collection injunction issued pursuant to his Chapter 7 proceedings. Plaintiff's certificate of service states a summons and copy of his complaint were served by mail to the following:

> Telecheck Recovery, P.O Box 67440, Houston, TX; Guaranty Bank, 302 3rd Street SE, Cedar Rapids; Wells Fargo, 101 3rd Ave. SW; US Bank, 2350 Edgewood Rd. SW, Cedar Rapids; and Framers Stat [sic] Bank, 1240 8th Street Ave., Marion.

Plaintiff's certificate of service also states notice was served via facsimile to the following: Hills Bank, US Bank, Experian, TransUnion, and TeleCheck.

Having received no response from certain defendants, Plaintiff moved for Clerk's Entry of Default on July 11, 2006 against US Bank, Framer [sic] State Bank, Wells Fargo, Hills Bro [sic] Bank, and TransUnion.  The Clerk's Entry of Default was filed against the above named defendants on July 11, 2006.  US Bank filed its Motion to Set Aside Default on July 20, 2006; Farmer State Bank filed its Motion to Set Aside Default on August 2, 2006.

## CONCLUSIONS OF LAW

Decisions to grant or deny a motion to set aside an entry of default are within the sound discretion of the bankruptcy court. In re Jones Truck Lines, Inc., 63 F.3d 685, 686 (8th Cir. 1995). The determination of whether to set aside an entry of default is made under the "good cause shown" standard provided in Rule 55(c).  See Fed. R. Civ. P. 55(c).  In determining whether to set aside a default, courts typically examine such factors as whether the defaulting party was blameworthy or culpable, whether the defaulting party has a meritorious defense, and whether the other party would be prejudiced if the default were excused.  Johnson v. Dayton Electric Manufacturing Co., 140 F.3d 781, 783 (8th Cir. 1998).

Based on the "good cause" standard of Rule 55(c), the Court finds that the Clerk's Entry of Default should be vacated.  The Plaintiff incorrectly served the defendants against whom default was entered.  As such, the defendants have succeeded in demonstrating good cause to vacate the entry of default.

## PERSONAL JURISDICTION

An elementary requirement of due process is "notice reasonably calculated, under all the circumstances, to apprise interested parties of the action and afford them an opportunity to present their objections." Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950).  The Federal Rules of Bankruptcy Procedure state the method by which service must be effected in order to provide adequate notice in an adversary proceeding.  See Fed. R. Bankr. P. 7004.  Compliance with the Rules is essential, for "[i]f a defendant is improperly served, a federal court lacks jurisdiction over the defendant." Printed Media Serv. Inc. v. Solna Web, Inc., 11 F.3d 838, 843 (8th Cir. 1993).

2

**SERVICE UPON CORPORATIONS**

Service of process under the Rules may be completed in a number of ways, often depending on the organizational status of the party being served.  For instance, under Rule 7004(b), service by first class mail is valid "[u]pon a domestic or foreign corporation ... or other unincorporated association ... by mailing a copy of the summons and complaint to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process."  Fed. R. Bankr. P. 7004(b)(3).  Thus, proper service is generally effected when the summons and complaint are mailed to the attention of an officer or an agent who is authorized to receive process at the address where the officer or agent is likely to be located.  See In re Schemper, 303 B.R. 385, 389 (Bankr. N.D. Iowa 2003) (notice of claims deadline was properly served on creditor at an address reasonably calculated to reach it).

In the present adversary, service on defendants Telecheck and TransUnion was not effective because it did not meet the requirements of Rule 7004(b).  Telecheck International, Inc. ("Telecheck") is a corporation and TransUnion LLC ("TransUnion") is a limited liability company.  Thus, both defendants should have received service of process in accordance with Rule 7004(b).  Plaintiff attempted to effect notice to Telecheck by mailing the summons and complaint to a post office box associated with "Telecheck Recovery" in Houston, Texas.  Further, Plaintiff's certificate of service reflects that he only attempted to effect notice to TransUnion via facsimile.  However, under Rule 7004(b), Plaintiff is required to send notice by first-class mail to an officer or authorized agent at the corporate or business address of defendants Telecheck and TransUnion.  By neglecting to do so, Plaintiff failed to comply with the requirements of Rule 7004(b).

Plaintiff's failure to follow Rule 7004 resulted in material prejudice to Telecheck and TransUnion, in the form of an entry of default being entered against them.  Since each defendant was improperly served, the default entry against them is void.  In re Iowa Oil Co. 299 B.R. 555, 560 (Bankr. N.D. Iowa, 2003).  Additionally, since the defendants were improperly served, this Court retains no jurisdiction over them.  Printed Media Serv., Inc., 11 F.3d at 843; see also Dodco, Inc. v. American Bonding Co., 7 F.3d 1387 (8th Cir. 1993); Sieg v. Karnes, 693 F.2d 803,8007 (8th Cir. 1982).  As such, Telecheck and TransUnion are dismissed as parties to this adversary action.

**SERVICE UPON INSURED DEPOSITORY INSTITUTIONS**

The Federal Rules of Bankruptcy Procedure also contain specific procedures for effecting service on insured depository institutions. See Fed. R. Bankr. P. 7004(h). An insured depository institution is any bank or savings association whose deposits are insured by the Federal Deposit Insurance Corporation pursuant to the Federal Deposit Insurance Act. 12 U.S.C. § 1811 et seq.

Under Rule 7004(h), service on such institutions "in a contested matter or adversary proceeding shall be made by certified mail addressed to an officer of the institution." Id.[1] (emphasis added). In other words, Plaintiff is required to serve an officer, rather than any agent of the insured depository institution, by certified mail unless the institution has waived this right in writing. Fed. R. Bankr. P. 7004(h); see also In re Hamlett, 322 F.3d 342, 345 (4th Cir. 2003).

In this matter, service on defendants Wells Fargo Bank, National Association ("Wells Fargo"), U.S. Bank, National Association ("U.S. Bank"), Farmers State Bank ("Farmers") and Hills Bank & Trust Co. ("Hills Bank") was not effective because it did not meet the requirements of Rule 7004(h). Each of these defendants is an insured depository institution and thus should have received service of process in accordance with the Rule 7004(h).

Plaintiff's certificate of service indicates that he attempted to effect notice to Wells Fargo, U.S. Bank, and Farmers

---

[1] Fed. R. Bankr. P. 7004(h) provides for service by certified mail with certain exceptions, not applicable in this case, including the following:

> (1) the institution has appeared by its attorney, in which case the attorney shall be served by first class mail;
>
> (2) the court orders otherwise after service upon the institution by certified mail of notice of an application to permit service on the institution by first class mail ...; or
>
> (3) the institution has waived in writing its entitlement to service by certified mail by designating an officer to receive service.

4

by mailing his complaint via first-class mail to their branch locations in or near Cedar Rapids, Iowa. Plaintiff's certificate of service also indicates that he attempted to effect notice to U.S. Bank and Hills Bank via facsimile to branch locations in Cedar Rapids, Iowa. However, under Rule 7004(h), Plaintiff was required to send notice by certified mail to an officer of the above named defendants. By neglecting to do so, Plaintiff failed to comply with the requirements of Rule 7004(h).

Plaintiff's failure to follow Rule 7004 resulted in material prejudice to these defendants, in the form of an entry of default being entered against them. Since each defendant was improperly served, the default entry against them is void. In re Iowa Oil Co. 299 B.R. 555, 560 (Bankr. N.D. Iowa, 2003). Additionally, since the defendants were improperly served, this Court retains no jurisdiction over them. Printed Media Serv., Inc., 11 F.3d at 843; see also Dodco, Inc., 7 F.3d at 1387; Sieg, 693 F.2d at 8007. As such, Wells Fargo, U.S. Bank, Farmers State Bank and Hills Bank & Trust are dismissed as parties to this adversary action.

**WHEREFORE**, Defendants' Motions to Vacate Default are GRANTED. The Clerk's Entry of Default is VACATED in its entirety.

**FURTHER**, since the defendant Telecheck was improperly served, this Court retains no personal jurisdiction over it. On the Court's own motion, Telecheck is DISMISSED as a party to this adversary proceeding.

**FURTHER**, since the defendant TransUnion was improperly served, this Court retains no personal jurisdiction over it. On the Court's own motion, TransUnion is DISMISSED as a party to this adversary proceeding.

**FURTHER**, since the defendant Wells Fargo was improperly served, this Court retains no personal jurisdiction over it. On the Court's own motion, Wells Fargo is DISMISSED as a party to this adversary proceeding.

**FURTHER**, since the defendant U.S. Bank was improperly served, this Court retains no personal jurisdiction over it. On the Court's own motion, U.S. Bank is DISMISSED as a party to this adversary proceeding.

**FURTHER**, since the defendant Farmers State Bank was improperly served, this Court retains no personal jurisdiction

over it.  On the Court's own motion, Farmers State Bank is DISMISSED as a party to this adversary proceeding.

**FURTHER**, since the defendant Hills Bank & Trust was improperly served, this Court retains no personal jurisdiction over it.  On the Court's own motion, Hills Bank & Trust is DISMISSED as a party to this adversary proceeding.

**FURTHER**, Guaranty Bank has filed an answer to Plaintiff's complaint which the Court must construe as consent to personal jurisdiction.

**FURTHER**, Experian Information Solutions, Inc. has filed a Motion to Dismiss for Lack of Jurisdiction which is set for hearing on September 13, 2006 at 9:30 a.m.

**FURTHER**, the Court has previously granted Equifax Information Services, LLC's Motion to Dismiss for Lack of Jurisdiction and Equifax is no longer a party to this adversary action.

DATED AND ENTERED:    September 6, 2006

_____
PAUL J. KILBURG
U.S. BANKRUPTCY JUDGE